The opinion of the Court was delivered by
Poché, J.
The issue presented in this case involves the constitutionality of a special drainage tax, levied under Act No. 106 of 1878, and of a levee tax assessed by the Board of Levee Commissioners of the Fourth Levee District.
1. Among other grounds urged against the drainage tax, Relator shows that for the year 1881, for which it was assessed, the Police Jury of Terrebonne Parish had already levied a general tax of ten mills on the dollar.
Defendant contends that Act No. 106 of 1878, is a contract between the State and the Parish of Terrebonne, and that such contract cannot be impaired by subsequent legislation, and that the power of taxation conferred thereby cannot be affected by Art. 209 of tbe Constitution.
We cannot assent to this proposition.
By Act No. 106, the State donated to the Parishes of Lafourche and Terrebonne, certain swamp lands lying between the two bayous of Lafourche and Terrebonne, on condition that the two parishes proceed within a specified time, to. drain and reclaim said lands, and complete said drainage works within ten years; for which purpose, said parishes were empowered to levy on certain portions of their respective territory, a special tax not to exceed one per cent, annually.
*508 It is clear that such tax does come within the prohibition of Art. 209 of the Constitution, restricting the power of parochial taxation to ton mills on the dollar for all jmrjwsca. But the power to levy the tax, is not absolutely abrogated by the terms of the Constitution, under the provisions of which, tho Parish of Terrebonne, with proper legislative, authority, can raise tho tax necessary to continue this work of public improvement, oithcr under Art. 209 or Art. 242.
Hence, we hold that tho contract alleged by defendant is not impaired by the provisions of the presont Constitution.
We can see no force in tho argument of defendant, that this tax is, strictly speaking, not a tax, but a local assessment for local improvements. These are the very purposes for which, under the Constitution, tho taxpayers must be previously consulted through a vote taken according to law.
Undor these conclusions, wo shall omit any expression of opinion on the charge that such a tax is violative of Art. 203 of the Constitution, requiring taxation to be uniform and equal.
The District Judge did not err in holding this tax, as levied, to be un con stituti onal.
2. As to tho levee tax, Relator contends that the power to assess the same, having been delegated to the General Assembly, which is powerless to delegate the power to the Levee Board, the latter’s act, in levying said tax, was null and void.
The tax was raised hy the Levee Board under the authority of Act No. 33 of 1879, and of Art. 214 of the Constitution, which roads as follows:
“ The General Assembly may divide the State into levee districts, and provide for the appointment or election of Levee Commissioners in said districts, who shall, in the method and manner to be provided by law, have supervision of the erection, repairs and maintenance of the levees in said districts; to that effect it may levy a tax not to exceed five mills on the taxable property situated within the alluvial portions of said districts subject to overflow.”
The Act of 1879 divides the State into levee districts, provides for tlie appointment of Levee Commissioners, prescribes their duties and powers, consisting mainly in the supervision of levees, and empowers them to levy a special levee tax for their respective districts.
Now, unless it can bo demonstrated that the Levee Commissioners have been divested of tho taxing power by the Constitution, the Act contains nothing inconsistent with the present Constitution which contemplates the grant of precisely similar powers as the Act confers, and the law is therefore not repealed, but continues in full force. Article. 258.
*509 In case the clause conferring the taxing power to the Commissioners be held as repealed, the other provisions of the Act are clearly unaffected by the Constitution.
The argument that the power to tax, granted by Art. 214, is conferred directly and exclusively to the General Assembly rests, first, on the assumption that under Article 202, the taking power is restricted to the General Assembly for State purposes, and under the legislature’s grant to parishes and municipal corporations; and in the second place, on a rigorous construction of Art. 214, in which it is contended that the word it; in the second clause of the Article, must and does refer to the subject, “ General Assembly,” in tire first part of the Article.
Construing Art. 202, with all other Articles on the subject of taxation, under the guidance of the wise rule that aU parts of an instrument must be construed together, with a view to give effect to every part, and to harmonize all the parts, we cannot adopt Relator’s conclusion.
The words, “ the taxing power may be exercised by the General Assembly for State purposes,” etc., does not convey the idea of an exclusive grant, and leaves room for a grant of taxing power to some other authority.
In Surget vs. Chase, 33 A. 840, we held that the taxing power of parishes or municipal corporations, must reach them only through the channel of the General Assembly, and was not granted directly by the Constitution, but we went no further; we did not and could not hold that the whole power of taxation of the State was concentrated in the legislature, to the exclusion of all other constitutional grants.
Now, it is conceded by Relator that the power to levy this levee tax is clearly granted by Art. 214, but he contends that the grant is made to the legislature, without the right or authority, express or implied, to delegate the power to the Levee Commissioners or to any other person or persons.
Wo cannot assent to the proposition.
It is evident to our minds, as shovm by a careful consideration of all the Articles of the Constitution touching'levees aud levee taxes, that Art. 214 was framed with a special reference to Act No. 33 of 1879, and with the undoubted intention of giving it Constitutional vitality, and to secure its efficacy to the people to be affected thereby, with the only restriction of its existence to such time as the Federal government should assume permanent control of the levees in this State.
The tax authorized under the Article is essentially confined to certain portions of the State, and is, therefore, not general throughout the State; but Art. 203 provides that taxation shall be equal and uniform throughout the “ territorial limits of the authority levying the tax,” and as *510 the territorial limits of the General Assembly embraces the whole State, it is undeniable that, the General Assembly would be prohibited by this Article from levying a tax limited to the territory of one or two levee districts, but such a tax could be levied by the Levee Commissioners, and ■would be equal and uniform throughout, their territorial limits.
It is not a correct interpretation which destroys one article of an instrument by another.
Under Art. 213, the General Assembly is granted the exclusive taxing power which the Constitution intended to delegate to it, directly to the maintenance and repair of levees, and could, therefore, levy directly no other levee tax.
Again, a careful reading of xlrticle 214 shows that two distinct powers are granted by it in the -first clause; first, the power to the General Assembly to divide the State into levee districts and provide for the appointment or election of Levee Commissioners; and second, the power to such Levee Commissioners, to supervise the erection, repair and maintenance of the levees in their districts ; and in the last clause the taxing power is conferred in the following words : “ to that effect, it may levy a tax not to exceed five mills on the taxable property situated within the alluvial portions of said districts subject to overflow.”
Now to which of the two powers enumerated in the first portion of the Article do the words “ to that effect,” apply or refer. Evidently not to the power of the legislature to divide the State into levee districts, etc., but, on the contrary, they must refer to the power of the Levee Commissioners to build, repair and maintain levees;
Hence, we conclude, that while the pronoun it is inartistically used in the language granting the taxing power, the Convention undoubtedly intended to confer the taxing power under Art. 214, directly to the Levee Commissioners.
We, therefore, hold with the District Judge, that the special levee* tax herein resisted by Relator is constitutional and binding.
The judgment appealed from is, therefore, affirmed.